**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sonia Esparza, *Individually, and as Special Administrator of the Estate of Fernando Martinez Jr.,* <br><br> Plaintiff(s), <br><br> vs. <br><br> LVMPD, et al., <br><br> Defendant(s). | 2:23-cv-02161-GMN-MDC <br><br> **ORDER GRANTING MOTION TO AMEND COMPLAINT (ECF NO. 50) AND DENYING MOTION TO STRIKE AS MOOT (ECF NO. 32)** |

Plaintiff filed a *Motion for Leave to Amend the Complaint* ("Motion to Amend")(ECF No. 50) and Defendant Wellpath, LLC filed a *Motion to Strike* ("Motion to Strike") (ECF No. 32) portions of plaintiff's First Amended Complaint per Federal Rule of Civil Procedure Rule 12(f). The Court GRANTS the Motion to Amend and DENIES the Motion to Strike as moot.

## I.   BACKGROUND

This is a wrongful death case regarding an inmate who died while in a jail. ECF No. 1. Wellpath allegedly contracted with the jail to provide medical care. *Id.* The plaintiff timely filed the Motion to Amend before the deadline to amend pleadings. See ECF No. 19 at 6. Plaintiff argues that the proposed amendment does not alter the claims or the core factual allegations. ECF No. 50 at 4. Plaintiff instead seeks to add multiple individual defendants whose identities and roles were previously unknown to plaintiff. *Id.* The defendants argue that the proposed amendment is futile. ECF No. 52 at 4. Plaintiff argues that the addition of new parties was specifically contemplated by the parties' stipulated scheduling order and that their amendment is not futile.

## II.   DISCUSSION

### A.   Legal Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion

for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

 "Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

**B.  Analysis**

The Court finds that there is no bad faith here. The plaintiff diligently and timely sought leave to amend after learning the identities of the new defendants in discovery. Plaintiffs filed their motion to amend by the deadline for amending the complaint and under the circumstances regarding doe pleadings expressly allowed by the Ninth Circuit, e.g. pleading doe is appropriate when the identity of the defendant is not known to the plaintiff.  In which case, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants…." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999), citing *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir.1980). The defendants will not be prejudiced by the amendment because the allegations regarding the new defendants are closely related to the claims in the original complaint.

Ruling on futility at this stage is rare, and this case is not one of the rare cases that requires a ruling on futility. The Court notes that there is nothing to show that the statute of limitations has passed on the 1983 claims that have been asserted by the plaintiffs.  Defendants' argument about the passing of

the statute of limitations is based on recasting plaintiffs' claims into a professional negligence claim. Thus, the defendants' argument that plaintiffs' amendment does not relate back is irrelevant. There is no need to relate back. Regardless, the defendants' futility arguments would be better addressed through a motion to dismiss or for summary judgment, given that the new claims and the allegations against the new defendants are reasonably related to plaintiff's original claims.

Plaintiff has shown good cause to amend the complaint. Since the plaintiff will be allowed to amend, the Court denies the defendants' *Motion to Strike* the operative complaint as moot.

**IT IS ORDERED that:**

1. Plaintiff's *Motion for Leave to Amend the Complaint* (ECF No. 50) is GRANTED.

2. Plaintiff MUST file the amended complaint on the docket **within one week of this order.**

3. Defendant Wellpath, LLC's *Motion to Strike* (ECF No. 32) is DENIED AS MOOT.

DATED: November 4, 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge