**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Sonia Esparza,

                    Plaintiff(s),

vs.

LVMPD, et al.,

                    Defendant(s).

2:23-cv-02161-GMN-MDC

**ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE (ECF No. 115)**

Plaintiff filed a *Motion to Extend Time for Service.* ("Motion"). *ECF No. 115*. The Court **GRANTS** the Motion. The Court grants the request for additional time and will allow plaintiff until **August 3, 2026** to serve defendants Fucile, Anderson, Williamson, Ryan, Medrano, Shah, Casey, Poland, Clark, Salviejo, Biloskurska, and Anapolsky.

I.      **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.] The Federal Rules of Civil Procedure provide for service within the United States and authorize extensions of time for good cause. See, e.g., Fed. R. Civ. P. 4(m).

There are several factors courts consider in evaluating a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990).  Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit,

and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

## II.    ANALYSIS

Plaintiff seeks additional time to serve specified defendants. *ECF No. 115*. Plaintiff requests an extension based on the circumstances following Wellpath's bankruptcy. *Id. at 2*. Plaintiff argues that Wellpath's counsel has shifted positions regarding discovery and acceptance of service. *Id.*  Plaintiff argues that she has been diligent in attempting to locate and serve the individual defendants. *Id. at 3*. Plaintiff identifies which defendants have been served, and which remain unserved. *Id*. Regarding the unserved defendants, plaintiff's counsel declares that her process servers have identified a likely home address for defendants Fucile and Anderson and have made five attempts to affect service at that location. *ECF No. 115-1 at 2, at ¶ 6*. Counsel also declares that defendants Casey, Clark, Salviejo, Biloskurska, and Anapolsky have home addresses in Nevada but were not present when the process servers attempted to affect service at those addresses. *Id. at ¶ 8*. Defendants Williamson, Ryan, Medrano, Shah, and Poland have home addresses in California, Colorado, and New Mexico. *Id.* Counsel is currently working with process servers to identify new addresses for the Nevada-based defendants and arrange service of the out-of-state defendants. *Id*.

Plaintiff filed this case in 2023, but this case has been complicated by Wellpath's bankruptcy, and the defendants will likely not be prejudiced by an additional extension here. Defendants may have actual notice of the suit and plaintiff may be able to eventually serve the defendants. The Court has broad discretion to permit an extension under Rule 4 and grants plaintiff such extension. The plaintiff has shown good cause for an extension.

ACCORDINGLY,

**IT IS ORDERED that:**

1.  Plaintiff's *Motion to Extend Time for Service* (ECF No. 115) is **GRANTED.**

2.  Plaintiff has until **August 3, 2026** to serve defendant Fucile, Anderson, Williamson, Ryan, Medrano, Shah, Casey, Poland, Clark, Salviejo, Biloskurska, and Anapolsky.

DATED: June 10, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge